PROVOSTY, J.
On the 2d of September, 1916, plaintiff purchased a lot in the town of Kentwood on which stood what remained of a hotel building, the roof and a considerable other part of which had been destroyed by fire in the month of August of the preceding year, and which had since then lain open to the elements. The price was $1,500. He at once entered into a contract with a carpenter and builder to restore the building to its original condition at a cost not to exceed $4,000, including both materials and labor, the former of which he himself was to furnish. This contractor at once applied to the local agent of the defendant company for insurance, and the latter communicated with the New Orleans office to know what were the rates on “builders’ risks,” and received an answer expressing a willingness on the part of the defendant company to write a “builders’ risks” policy, but not a “regular policy” on the building until it should first have been completed and inspected. The agent then, on September 6,1916, issued a so-called’, “binder” to serve as a regular policy “pending the issuance of a Louisiana standard fire policy prescribed by the law of Louisiana,” with a “rider” affixed to it, and forming part of it, headed “builders’ risks.” The “binder” *305 recites that in consideration of the payment of the premium “to be hereafter declared” the defendant company insures the plaintiff, Mike Mixon, for an amount not exceeding $4,000 against loss or damage by fire to—
“the following described property, while located and contained as described herein, to wit: On two-story frame building shingle roof on corner of Ave. F. and First street, in block No. 38.”
The rider affixed to the “binder” reads:
“Builders’ Risks.
“$4,000 on two-story frame building with shingle roof, in course of construction, including lumber, brick and building material, in the building and on the premises adjacent thereto, to be used in the construction of said building; to be occupied as hotel when completed; and situated as follows: On corner of Ave. F. and First street in Kentwood, Louisiana.”
The night following the execution of these documents, and' before any construction materials had been brought to the premises for the reconstruction, and when the only work that had been done was some clearing at an expense of $3.60, the remnant of building was destroyed by fire. And plaintiff sues on the policy as a valued policy of $4,000 covering the remnant of building.
2. The defense is that the property insured was not the remnant of building, but the new work that was to be put into it, and that since no new work was put into the building except to the extent of the $3.60, nothing is due except this $3.60, and that this amount was duly tendered before suit and refused.
[1] The two documents, thus evidencing the contract having been executed together for that purpose, must be read together! and, since one of them has reference to a policy of a different character from that to which the other has reference — one to a “builders’ risks” policy, and the other to an ordinary valued policy — and since also the description of the property insured is not the same in both, the question arises as to which must control.
[2] 3. The rider would not have been added if not for the purpose of specification. In the interpretation of statutes and contracts the specific controls the general; this rider must therefore control. Richards on Ins. § 87; 30 L. R. A. 636, note; 14 R. C. L. 934; 19 Cyc. 658.
[3] It is very evident to us, from reading the description in the rider as a whole, that the property intended to be covered by the policy was the new work to be put into the remnant of building, and not the remnant itself. True, the risk is said to be on a “two-story building,” but the building intended to be referred to is said to be “in course of construction,” and the materials specifically covered by the policy are said to be those “to be used in the construction of said building.” All this, taken together, shows that the reference was to a building to be constructed, and not to one already constructed. The heading, “Builders’ Risks,” shows the character of the policy, one to cover a builder’s risk and not an owner’s risk; plaintiff was being insured as a builder, and not as an owner.
[4] And the inference from the circumstances under which the policy was executed leads to the same conclusion. There was no shingle-roof hotel .building in existence; but labor and material to the extent of $4,000 was about to be put into the remnant of building, and the insurance was taken out for that amount, and was applied for by the contractor; and the remnant of building was not of itself an insurable risk. Parol evidence as to all these circumstances was clearly admissible. 33 L. R. A. (N. S.) 161, note; Richards on Ins. p. 109; Adeline Sugar Factory v. Evangeline Oil Co., 121 La. 961-965, 46 South. 935.
[5, 6] The contractor being on the witness stand as a witness for plaintiff, defendant *307 sought to prove by him what kind of policy he had applied for. The evidence was objected to by plaintiff, and was ruled out. It should have been admitted. The circumstances attending the execution of a contract may always be shown for removing an ambiguity, and what can be more productive of ambiguity in an instrument than its being in the form of two documents each purporting to evidence the contract, and not agreeing in their terms.
We conclude therefore that the policy sued on is a “builders’ risks” policy, and not a simple ordinary valued policy.
Such a policy, the evidence shows, covers only the materials to be put into the building and the labor to be expended on it. To that effect is the uncontradicted testimony of contractors in the habit of taking out such policies, including the contractor who applied for the policy sued on.
[7] Plaintiff objected to the reception of this evidence, but it was properly admitted. The contract being a “builders’ risks” policy, the court necessarily must be informed as to what is meant by such a policy. 17 C. J. 492; Southern Bitulithic Co. v. Algiers Ry. Co., 130 La. 830, 58 South. 588; Joyce on Ins. § 3807. This evidence in no way varies the contract, but only supplements the written instrument.
Plaintiff is entitled to judgment for the $3.60 which had been expended at the time of the fire, but not to costs, since that amount was tendered to plaintiff before suit brought and refused.
Plaintiff having died pendente lite, his heirs have made themselves parties plaintiff.
The judgment appealed from is set aside, and it is ordered, adjudged, and decreed that plaintiffs have judgment against defendant for the sum of $3.60, and that their demand be otherwise rejected at their cost in both courts.