PROVO STY, J.
The present suit is to recover the cost of the paving of that part of -Teche street between the rails of the railroad of the defendant company and extending one foot on each side. It is founded upon the following clause of the contract by which the defendant company obtained its franchise:
“Should any paved or unpaved street, occupied by a track or tracks, be ordered paved or repaved, the purchaser shall pay the cost of paving or repaving between the rails of each track, and for one foot on the outside of each rail.”
Under the city charter, the abutting property owners have the right to choose the kind of pavement to be used upon the street, if they are to pay any part of the cost. In the present instance they chose bitulithic, and, accordingly, that part of the pavement on which they were to pay a part of the cost was so laid. But the part to be paid for by the defendant was laid in granite blocks. These two kinds of pavements require the same kind of foundation, namely, a six-inch layer of concrete.
Plaintiff was the contractor who did the work. Under the contract, that part of the pavement to be paid for by defendant was to be measured by the square yard, and to be paid for at the' rate of $3.95 per yard. The other part of the pavement was to be paid for on the basis of $6.60 per cubic yard of concrete foundation, and $1.95 per square yard of bitulithic surfacing. The difference in the cost of using granite blocks instead of bitulithic on that part of the street to be paid for by defendant was $2,951.13.
-Defendant contends that, under the above-quoted clause of the contract, there was no obligation on its part to pay for paving unless the entire street was ordered to be paved; and that, when this was done, theykind of pavement chosen was thus chosen for the entire street; and that it would be a stretching of said clause to so interpret it as to authorize the city to require defendant to pay for a more expensive kind of pavement than that ordered for the street.
[1,. 2] Defendant claims a further reduction for the space occupied by the rails, and measures this space by the width of the head of the rails, according to which the space to be deducted would be one-tenth of the whole. And defendant claims a further reduction for the space occupied by the cross-ties, which, being embedded in the concrete foundation, economize that many cubic yards of concrete.
In the latter two claims we find no merit. The work of laying the foundation in that part of the street occupied by defendants roadbed was very much more difficult and expensive than the rest of the street, owing to the constant passing of cars, and to the presence of the rails and cross-ties which operated as so many obstructions, and, in general, owing to the irregularity of the surface to be paved. Because of this, a different mode of measurement had to be adopted -for that part of the work. Nothing is said in the contract about any deduction having to be made on account of the rails in computing the yardage; but we think that by a fair interpretation of the contract such deduction should not be made, as the evidence shows that the presence of the rails adds to the expense of the work very much more than it lessens it. Moreover, the testimony abundantly shows th'at the usage is not to make such deduction. Usage enters into every contract, and is properly admissible in evidence for the purpose not only of elucidating the contract, but also of completing it. C. C. arts. 1903, 1953; Marcadé, Com. on articles 1135 and 1159, C. N. In Kernion v. Hills, 1 La. Ann. 419, proof *833 of usage wás admitted as supplementary to a statute.
[3] How far the same argument as to tlie greater difficulty and expense of work owing to the passing of cars might apply to the work of surfacing the street we do not know; but we are clear that there is no answer to the contention that the defendant cannot be made to pay, under the above-transcribed clause of the contract, for a more expensive kind of pavement than that ordered for the entire street.
However, the defendant company knew that this work was being done; indeed, had its inspectors on it all the time. If the defendant company intended to refuse to pay for this more expensive kind of pavement, but intended to insist upon the other kind, it should have given formal notice to that effect to the city authorities before the work was done. This it did not do, and, under familiar principles, is estopped now from so doing.
Judgment affirmed.