488 So.2d 982 (1986)
SOVERIGN INSURANCE COMPANY
v.
The TEXAS PIPE LINE COMPANY
v.
ATLAS CONSTRUCTION COMPANY.
No. 85-C-1499.
Supreme Court of Louisiana.
May 20, 1986.
*983 Larry N. Port, Metairie, for defendant-applicant.
Gerard M. Dillon, Dillon & Cambre, New Orleans, James M. Funderburk, Duval, Funderburk, Sundbery & Lovell, Houma, for respondents.
DENNIS, Justice.
This court decided that a contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and that such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts, unless such an intention is expressed in unequivocal terms. Polozola v. Garlock, 343 So.2d 1000 (La.1977). The present case raises the question of whether a similar rule of contractual interpretation should be applied to determine if a contract provides indemnity against an indemnitee's strict liability under Civil Code article 2317 for damage to a third person caused by an unreasonably dangerous thing in the indemnitee's custody. The trial court decided that the instant contract did not afford indemnification against such a claim, and the Court of Appeal affirmed by an evenly divided en banc court. 470 So.2d 969 (La. App. 1st Cir.1985). We reverse. When a contract of indemnity makes no express provisions for indemnification against the consequences of the indemnitee's negligence, and an unequivocal intention to so indemnify cannot be found after interpreting each contractual provision in light of the whole contract and the general rules of contractual interpretation, the court will presume that the parties did not intend to hold the indemnitee harmless from such liability. On the other hand, this presumption does not apply to the question of whether the parties intended to indemnify against the indemnitee's strict liability under Civil Code article 2317. If the contract's provisions are doubtful or simply fail to address the question, the court may further interpret the contract on this point in light of everything that, by law, custom, usages or equity is considered as incidental or necessary to its effectuation.
Texas Pipeline Company leased a tract of land for purposes of operating a crude oil storage facility. On January 27, 1981, Texas entered into a contract with Atlas Construction Company, Inc. for the construction of three crude oil storage tank foundations. The contract provided that Atlas would indemnify Texas against any liability, cost, expense, damage or loss in connection with the contract, except that resulting solely from Texas' negligence.[1] On September 30, 1981, a roadbed on the leased premises collapsed, causing a cement truck owned by a subcontractor to overturn. The truck was a total loss except for its salvage value. The subcontractor's insurer, Soverign Insurance Company, paid most of the loss and received a conventional subrogation.
*984 Soverign and the subcontractor sued Texas as custodian of the roadway, claiming strict liability based on Civil Code article 2317. Texas filed a third-party demand against Atlas for indemnity under the construction contract. The plaintiffs amended their petition to name Atlas and the landowner as defendants also.
After trial, the district court found that the damage was caused by a defective condition in the roadway on Texas' leased premises, held Texas strictly liable under Civil Code article 2317, rejected Texas' claim for indemnity under the contract, and dismissed all the other claims. The court of appeal, sitting en banc, affirmed by an evenly divided vote. An opinion subscribed to by a plurality reasoned that the strict construction rule of Polozola v. Garlock should be applied to decide whether the parties intended to indemnify the indemnitee against strict liability under Civil Code article 2317. We granted certiorari because incorrect results were reached below due to a failure to properly interpret the contract and a misunderstanding of the Polozola v. Garlock rule.
The general rules which govern the interpretation of other contracts apply in construing a contract of indemnity. See Polozola v. Garlock, supra. Interpretation of a contract is the determination of the common intent of the parties. See Civil Code arts. 1945, 1949, 1950 and 1956 (1870); Civil Code art. 2045 (1984).[2] When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. See Civil Code arts. 13 and 1945(3) (1870); Maloney v. Oak Builders Inc., 256 La. 85, 235 So.2d 386 (1970); Civil Code art. 2046 (1984). Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. Civil Code art. 1955 (1870); see Civil Code art. 2050 (1984). Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. Civil Code art. 1959 (1870); see Civil Code art. 2051 (1984). When the parties intend a contract to have a general scope, but particularly describe a specific situation to eliminate doubt, the interpretation of the contract must not restrict its scope to that specific situation. Civil Code art. 1962 (1870); Civil Code art. 2052 (1984). The obligation of contracts extends not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or necessary to carry it into effect. Civil Code art. 1903 (1870).[3] Equity is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another. Civil Code art. 1965 (1870); see Civil Code art. 2055 (1984).
Applying these interpretive rules to the contract in the present case, we conclude that the parties intended to provide for indemnity against Texas' strict liability to a third person under Civil Code art. 2317. The words of the contract are not clear and explicit regarding strict liability, so further interpretation may be made in search of the common intent. Although *985 the contract provides that Atlas shall indemnify and hold Texas harmless against each and every claim, demand or cause of action and any liability, such general terms must be interpreted to cover only those things it appears the parties intended to include. When this provision is interpreted in light of the other provisions and the contract as a whole, however, it is evident that the parties intended to afford Texas indemnity against claims, causes of action and strict liability arising under Civil Code article 2317. In the other contractual provisions, Atlas represented that it had inspected the premises for hazardous conditions and had determined their nature and extent to its satisfaction; and Atlas promised to take any measures necessary to adequately protect all persons and property from injury or loss arising out of the work and to maintain all passageways for the protection of persons and property required by any local conditions. The contract excepts from the indemnity provision only claims, causes of action and liability resulting "solely from [Texas'] negligence."
The contract provides that Atlas is obliged to indemnify Texas "whether or not [Texas] may have jointly caused or contributed to, by its own negligence any such claim, demand, cause of action, liability...." The parties described this specific situation to eliminate doubt, however, and did not intend to restrict the scope of the contract to that situation alone.
Considering the contract as a whole, it is clear that the parties adverted to the possibility of claims, causes of actions and judgments based upon strict liability for damage caused by premises hazards or defects. Accordingly, strict liability was within their contemplation when they agreed that indemnity should cover each and every claim, demand or cause of action, and liability, except for those resulting solely from Texas' negligence. Hence, the contract as a whole indicates an intention to provide indemnity against Texas' strict liability under article 2317 for damage caused by premises defects which arise out of the performance of the contract, and further interpretation of the agreement is not warranted because the meaning of its provision for indemnity against strict liability is not in doubt.
Because the rule of Polozola v. Garlock applies only in a case in which a contractual provision to indemnify against the indemnitee's negligence liability is still in doubt after a careful reading of the contract as a whole, the issues suggested by the plurality appellate opinion are not squarely presented in this case. In the interest of clarifying an area in which there is confusion, however, we will discuss the different contractual interpretation rules which apply to, first, a doubtful provision to indemnify against an indemnitee's strict liability under Civil Code article 2317 and, second, a doubtful provision to hold an indemnitee harmless from the consequences of his own negligence.
If the common intention of the parties as to strict liability is in doubt after applying the general rules and interpreting each provision in light of the contract as a whole, the court is called upon to interpret the contract further in light of everything that, by law, custom, usages, or equity, is considered as incidental to the particular contract or necessary to carry it into effect. See Civil Code arts. 1903, 1953, and 1965 (1870); cf. Civil Code arts. 2053, 2054 (1984). In such a case, these elements enter into every contract and may be shown for the purpose not only of elucidating it, but also of completing it. Southern Bitulithic Co. v. Algiers Ry. & Lighting Co., 130 La. 830, 58 So. 588 (1912).
When there is doubt as to indemnification against an indemnitee's own negligence liability, however, usage, custom or equity may not be used to interpret a contract expansively in favor of the indemnitee. In such a case, if the provision is still in doubt after applying the general rules of construction and interpreting the provision in light of the contract as a whole, i.e., if the intention to indemnify against an indemnitee's liability for his negligence is equivocal, this court has established a presumption that the parties did not intend to indemnify an indemnitee against losses resulting *986 from his own negligent act. Polozola v. Garlock, Inc., supra; see Civil Code art. 2288 (1870); Civil Code art. 1852 (1984).
The rule or presumption of Polozola v. Garlock, Inc. is derived from the principles of equity. To impose on a person an obligation to indemnify another against the indemnitee's own negligence without the obligor's unambiguous consent is contrary to the principles of equity. Because of the obligor's lack of ability to evaluate, predict, or control the risk which may be created by the indemnitee's future conduct, enforcement of such a provision without clear evidence that the risk was bargained for and accepted may allow one to take unfair advantage of another and unjustly enrich himself at the other's expense. See Civil Code arts. 1964, 1965 and 1966 (1870); Civil Code art. 2055 (1984). Moreover, such an injustice may encourage antisocial acts and a relaxation of vigilance toward the rights of others by relieving the wrongdoer of liability for his conduct. See Hyde v. Chevron, 697 F.2d 614 (5th Cir.1983); Strickland v. Tesoro Drilling Co., 434 So.2d 424 (La.App. 1st Cir.1983); Rodriguez v. Olin Corp., 780 F.2d 491 (5th Cir.1986).
In the case of claims, causes of action and liability which may arise under Civil Code article 2317, the indemnitor usually is in as good a position as the indemnitee to evaluate and protect against the risk. Correlatively, indemnity against liability for the custodianship of dangerous things does not provide as great a disincentive to careful and prudent conduct as does indemnity against the consequences of the indemnitee's own negligence. Therefore, this court has not established a presumption of contractual intention in the instance of a doubtful provision regarding indemnity against strict liability under Civil Code article 2317.
For the reasons assigned, the judgment of the Court of Appeal is amended to render judgment in favor of third-party plaintiff, Texas Pipeline Company, and against third-party defendant, Atlas Construction Company, for full indemnity against the amounts Texas Pipeline was required to pay in judgment on the principal demands, with legal interest from the date of judicial demand until paid, all costs of these proceedings, and attorney's fees of $5000.00; otherwise the judgment of the Court of Appeal is affirmed.
AMENDED AND AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The contract to build storage tanks on Texas' premises cannot reasonably be construed so as to conclude that Atlas intended to indemnify Texas for liability for latent premises defects in the roads on the premises when the defects were in existence prior to the commencement of Atlas' operations on the premises and were neither caused nor aggravated by those operations. Even more clearly, Atlas did not intend to indemnify Texas for liability for latent premises defects in areas other than the area in which Atlas was building the storage tanks. Moreover, Atlas was in no better position at the time of the execution of the contract to evaluate, predict or control the risks arising from latent defects on the premises for which Texas was responsible as custodian than it was to evaluate, predict or control the risks arising from Texas' negligence. Allowing indemnification to Texas under these circumstances discourages vigilance on the part of lessees to discover and remedy hazards on premises under their control.
NOTES
[1] The indemnity clause provided:

Contractor [Atlas] shall fully defend, protect, indemnify and hold harmless the Company [Texas], its employes and agents from and against each and every claim, demand or cause of action and any liability, cost, expense (including but not limited to reasonable attorney's fees and expenses incurred in defense of the Company), damage or loss in connection therewith, which may be made or asserted by Contractor, Contractor's employes or agents, subcontractors, or any third parties, (including but not limited to Company's agents, servants or employes) on account of personal injury or death or property damage caused by, arising out of, or in any way incidental to, or in connection with the performance of the work hereunder, whether or not Company may have jointly caused or contributed to, by its own negligence, any such claim, demand, cause of action, liability, cost, expense, damage or loss, except such as may result solely from the Company's negligence.
[2] In the interests of clarity and conciseness, the language of 1984 La. Acts, No. 331, which revised titles III and IV of Book III of the Civil Code, is used herein whenever the modern version makes no change in the law.
[3] In the 1984 revision of the obligations articles, the substance of article 1903 was enlarged and reproduced in new article 2053 and converted from substantive law to an interpretative rule by Civil Code art. 2054 (1984).

Civil Code art. 2053 (1984) provides:
A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties.
Civil Code art. 2054 (1984) provides:
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.