**Gerald DUPLECHIN, et ux.**

v.

**MISSOURI PACIFIC RAILROAD, et al.**

Civ. A. No. 85–2161–LC.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Sept. 22, 1987.

R. Layne Royer, Baton Rouge, La., David Painter, Godwin, Painter, Roddy, Lorenzi, Watson & Sanchez, Lake Charles, La., for plaintiffs.

Everett R. Scott, Leithead, Scott & Boudreau, Lake Charles, La., for Missouri Pacific.

Frederick L. Cappel, Raggio, Cappel, Chozen & Berniard, Lake Charles, La., for Aetna & Arcoa.

## OPINION

VERON, District Judge.

The plaintiff, Gerald Duplechin (Duplechin), brought suit against ARCOA Corporation (ARCOA), ARCOA's insurer, Aetna Casualty and Surety Company (Aetna), and Missouri Pacific Railroad Company (Missouri Pacific) for damages sustained when Duplechin's vehicle collided with a cow.

The principal demand was tried by jury rendering a verdict in favor of Duplechin and against ARCOA and Missouri Pacific in the amount of $187,357.46. This amount was, however, reduced by five percent because the jury found Duplechin contributorily negligent to that extent.

The only remaining matter before the court is a cross-claim filed by Missouri Pacific against ARCOA and Aetna seeking indemnity from all sums and amounts for which the railroad has been cast in judgment on the principal demand. The cross-claim has been bifurcated from the main demand and submitted to the court, without jury, for consideration.

## FACTS

The undisputed and stipulated facts are as follows:

On March 7, 1984, Missouri Pacific contracted with ARCOA for the performance of brush clearing work along a railway located between Kinder and DeQuincy, Louisiana and belonging to Missouri Pacific. While performing work pursuant to the contract, ARCOA knocked down a fence belonging to Mrs. L.O. Hodges.

The fenced property, which lies adjacent to Louisiana Highway 12, was leased by Mrs. Hodges to Mr. Tom Emory to pasture his cattle. Mr. Emory's cattle escaped from the pasture when the fence was knocked down, and, shortly thereafter on the evening of July 31, 1984, Duplechin's vehicle collided with one of Mr. Emory's cattle which had escaped and was roaming across Highway 12.

The parties made the following stipulations:

1) ARCOA was legally at fault in knocking down the fence;

2) ARCOA was an independent contractor of Missouri Pacific; and

3) The liability policy issued by Aetna to ARCOA provides coverage for the tort claims asserted by the plaintiff.

Finally, the contract of March 7, 1984 contained an indemnity or hold harmless clause whereby ARCOA agreed to indemnify Missouri Pacific under certain circumstances. It is this clause which forms the basis for Missouri Pacific's cross-claim.

## DISCUSSION

This action was filed pursuant to the court's diversity jurisdiction under 28 U.S. C. 1332. In diversity cases, the court is bound to apply the substantive law of the situs state *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, Louisiana law must be applied to the cross-claim under consideration.

The only issues of law before the court are:

1) Whether Missouri Pacific is entitled to indemnity under the contract or contribution under law from ARCOA and its insurer, Aetna, and

2) In the event this court requires that Missouri Pacific be indemnified pursuant to the March 7, 1984 contract, whether Aetna's liability policy issued to ARCOA provides coverage in that contractual liability arising out of the indemnity clause.

### *Missouri Pacific's Indemnity Claim*

The court will first consider whether the March 7, 1987 agreement between Missouri Pacific and ARCOA requires that ARCOA indemnify Missouri Pacific in the instant case. The pertinent provision of the agreement reads as follows:

ARCOA agrees to 'defend, indemnify, and hold harmless Carrier from all liability, damages, expenses, attorneys' fees and costs, which Carrier may incur or suffer growing out of or arising by reason of injuries to or death of ... any other person, or loss of or damage to property of ... any other person, occurring or arising in or from the performance or non-performance of any of the work herein contracted to be done....'

The leading Louisiana cases addressing contractual indemnity are *Polozola v. Garlock, Inc.*, 343 So.2d 1000 (La.1977) and *Soverign Insurance Company v. Texas Pipeline Co.*, 488 So.2d 982 (La.1986).

In *Polozola v. Garlock*, the Louisiana Supreme Court firmly established the rule (which had been articulated by Louisiana appellate courts for a number of years) that a contract of indemnity whereby one is indemnified against the consequences of his own negligence is to be strictly construed and an indemnitee may not receive indemnification against loss resulting from his own negligence unless the agreement provides for such indemnification in unequivocal terms. In other words, there is a presumption that an indemnity agreement does not contemplate indemnification for one's own negligence unless the agreement expressly provides for it.

Recently the Louisiana Supreme Court has had the opportunity to explain and further expound upon this well settled rule of law. In *Soverign Insurance Company v. Texas Pipeline Company*, the Supreme Court addressed the issue of whether the presumption that these agreements do not provide for indemnification for one's own negligence unless expressly stated applies to strict liability under La.C.C. Art 2317 as well. The Court held that the *Polozola v. Garlock* presumption did not apply to Art. 2317 liability and allowed the indemnitee to recover.

The indemnity provision in the *Soverign Insurance* case was similar to that found in the Missouri Pacific–ARCOA contract with one major exception. The indemnity clause in *Soverign Insurance* specifically excluded indemnification for the indemnitee's own negligence. No such exception is included in the Missouri Pacific-ARCOA contract.

 In order to properly apply these concepts to the case at bar, it is necessary to understand that the strict construction required by *Polozola v. Garlock* is an exception to the usual and ordinary rules of construction for indemnity contracts. The general rules which govern the interpretation of other contracts apply in construing a contract of indemnity. *Soverign Insurance* at 984. Therefore when the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent. *Maloney v. Oak Builders, Inc.*, 256 La. 85, 235 So.2d 386 (1970); Civil Code Arts. 13 and 1945(3) (1870), and 2046 (1984). It is abundantly clear that the *Polozola v. Garlock* rule of strict construction applies only to indemnification for one's own negligence while the general rules of construction apply to indemnification where the loss is not occasioned by one's own negligence. It thus follows that while this result was reached in *Soverign Insurance* only with respect to strict liability under 2317, it applies to other types of liability as well. In fact, it follows that the general rules of construction should be followed with respect to indemnity contracts in *all* cases where the liability is imposed for *any* reason other than negligence. Therefore, the *Polozola v. Garlock* presumption is not applicable unless the indemnitee is found liable under the theory of negligence.

Whether Missouri Pacific is entitled to indemnity from ARCOA and Aetna turns on whether the jury found Missouri Pacific liable for its own negligence or liable on some other grounds. Counsel for Missouri Pacific attempts to persuade the court that Missouri Pacific was found liable under a "strict really vicarious liability," and therefore under *Soverign Insurance* is entitled to recover. This court need not be persuaded that Missouri Pacific was found liable under "strict really vicarious liability," it need only be persuaded that the

Missouri Pacific was *not* found liable because of its own negligence.

There is no question that the jury found Missouri Pacific liable to Duplechin. In answer to the first jury interrogatory which read: "Do you find from a preponderance of the evidence that Missouri Pacific Railroad Co. ("MOPAC") knew that ARCOA intended to knock down the fence along the railroad track and MOPAC expressly or impliedly authorized ARCOA Corp. to do so?" The jury foreman responded by inserting "YES" into the blank. The court's instructions to the jury on the law relating to the potential liability of Missouri Pacific Railroad was restricted to the following:

"The parties have agreed that ARCOA was an independant contractor of MOPAC. You are instructed that under Louisiana law, MOPAC may be liable for the acts of ARCOA, the independent contractor, only if MOPAC knew that ARCOA intended to knock down the fence along the railroad track and MOPAC expressly or impliedly authorized ARCOA to do so."

This rule of law is derived from *Williams v. Gervais F. Favrot Co.* 499 So.2d 623 (La.App. 4th Cir.1986); *Ewell v. Petro Processors of Louisiana, Inc.,* 364 So.2d 604 (La.App. 1st Cir.1978) *writ denied* 366 So.2d 575 (La.1979); and *Hawkins v. Evans Cooperage Co., Inc.* 766 F.2d 904 (5th Cir.1985) (applying Louisiana law).

■ Although these cases do not expressly set forth the *theory* under which liability is imposed in the above situation, it appears that it is either a delectual strict liability or a contractual agency or mandate liability. In *Williams* the court alludes to the liability imposed on the indemnitee as being a vicarious liability. And, without getting into whether vicarious liability is truly strict liability under Louisiana law, one thing is certain; vicarious liability by definition, is imposed upon persons who are themselves free of fault. Therefore, an individual found vicariously liable would not be considered liable as a result of his own negligence.

Finally, while the jury was instructed on the law of negligence as to Duplechin (for purposes of contributory negligence), the jury received no instructions on negligence as to Missouri Pacific. On the contrary, the law relating to the liability of Missouri Pacific was entirely contained in the above quoted jury charge. That law, clearly, is not the law of negligence in Louisiana.

ARCOA argues that the jury found Missouri Pacific guilty of independent negligence. This court cannot agree. For the foregoing reasons the court finds that Missouri Pacific, although found liable by the jury, was not found to be independently negligent. Accordingly, the indemnity agreement is to be governed by the general rule of construction of contracts and is not to be judged by the standards set forth in *Polozola v. Garlock.*

■ The language of the indemnity agreement is clear and unambiguous. The parties expressly agreed that ARCOA would indemnify Missouri Pacific for liability arising out of the performance of the contract. Applying *Maloney v. Oak Builders supra,* this court concludes that the parties intended that ARCOA indemnify Missouri Pacific in this type situation.

Having decided the issue of indemnity in favor of Missouri Pacific, the court does not reach the issue of contribution under law. On the other hand, having decided the issue of indemnity in favor of Missouri Pacific, the court must now address the question of coverage with respect to ARCOA's liability policy issued by Aetna.

### Aetna's Denial of Coverage for Indemnity

Aetna argues that although they stipulated as to coverage for claims asserted by the plaintiff, the contractual liability endorsement does not cover Missouri Pacific's claim for indemnity. Specifically, Aetna asserts that one of the additional exclusions contained in the incidental contractual liability endorsement applies to this case and on that basis denies coverage with respect to the cross-claim.

The contractual liability endorsement exclusion reads as follows:

(5) to bodily injury or property damage arising out of construction or demolition operations, within 50 feet of any railroad property *and* affecting any railroad bridge or trestle, track, road beds, tunnel, underpass or crossing; but this exclusion does not apply to sidetrack agreements.

The rules of construction for insurance policies and exclusion therefrom, under Louisiana law, generally require that any doubt be resolved in favor of coverage. Accordingly, ambiguities in exclusionary clauses are construed against the insurer. *Borden, Inc. v. Howard Trucking Company, Inc.,* 454 So.2d 1081 (La.1983); *Benton Casing Service, Inc. v. Avemco Insurance Company,* 379 So.2d 225 (La.1979). Moreover, an insurer who denies coverage under an exclusionary clause carries the burden of showing the applicability of the exclusion to the loss in question. *Taylor v. Security Industrial Insurance Co.* 454 So. 2d 1260 (La.App 2d Cir.1984); *see also, Borden, Inc. v. Howard Trucking Company, Inc. supra.*

■ Applying these standards to the present case, the court is compelled to find that Aetna's assertion that the above quoted exclusion is applicable to the loss in question is without merit.

The contract entered into between ARCOA and Missouri Pacific contemplated the performance of brush clearing and grass cutting operations along the railway. If brush clearing operations were intended to be included in demolition operations, the court must find that the phrase demolition operations is ambiguous and must therefore be construed against Aetna. Aetna contends that ARCOA's knocking down the fence constituted a demolition. While this may be so, there was never an operation designed to knock down the fence. The fence was negligently knocked down during brush clearing operations. Consequently, the court finds that ARCOA's act of knocking down the fence did not constitute a demolition operation under the exclusion.

Notwithstanding the above, the exclusion also refers to such operations affecting various things such as track, crossings and tunnels. This seems to be a separate requirement as the conjunction "and" is used rather than the disconjunctive "or". The court considers this simply another indication that the exclusion should not apply since it is not clear that the brush cutting operations affected any of the things listed under the terms of the exclusion.

For these reasons, the court finds that the Aetna policy provides coverage under the contractural liability endorsement of the policy issued to ARCOA for the indemnity owed to Missouri Pacific by ARCOA.

Accordingly, judgment is rendered in favor of Missouri Pacific on the cross-claim against both ARCOA and Aetna for full indemnity.