552 So.2d 998 (1989)
Betty Owens, wife of/and Webster OWENS
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Co., St. Tammany Parish Police Jury, State of Louisiana Through the Louisiana Department of Transportation and Development, Office of Public Works.
Barbara L. Nelson wife of/and Thomas L. NELSON
v.
U.S. HOME, INC.; Homecraft Land Development, Inc.; Magnolia Construction Co.; St. Tammany Parish Police Jury; State of Louisiana Through the Louisiana Department of Transportation and Development, Office of Public Works.
Charlotte B. Miceli wife of/and Steven M. MICELI
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Company, St. Tammany Parish Police Jury, State of Louisiana, Through the Louisiana Department of Transportation and Development, Office of Public Works.
Edith M. Mangerchine, wife of/and Lawrence P. MANGERCHINE, Sr.
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Company, St. Tammany Parish Police Jury, State of Louisiana, Through the Louisiana Department of Transportation and Development, Office of Public Works.
Susan Pollina, wife of/and Roy G. POLLINA
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Co., St. Tammany Parish Police Jury, State of Louisiana Through the Louisiana Department of Transportation and Development, Office of Public Works.
Anna W. Lucas, wife of/and Charles D. LUCAS
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Company, St. Tammany Parish Police Jury, State of Louisiana, Through the Louisiana Department of Transportation and Development, Office of Public Works.
Peggy Christy, wife of/and Jerome CHRISTY
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Co., St. Tammany Parish Police Jury, State of Louisiana Through the Louisiana Department of Transportation and Development, Office of Public Works.
Suzanne Powell, wife of/and Jerry POWELL
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Co., St. Tammany Parish Police Jury, State of Louisiana Through the Louisiana Department of Transportation and Development, Office of Public Works.
Brenda Osborne, wife of/and Thomas C. OSBORNE
v.
U.S. HOME, INC., Homecraft Land Development, Inc., Magnolia Construction Company, St. Tammany Parish Police Jury, State of Louisiana Through the Department of Transportation and Development, Office of Public Works.
Nos. CA 88 0031 to CA 88 0039.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Gary Duplechain, Slidell, for plaintiff-appellee Betty Owens.
Henri Wolbrette, III and Arthur H. Leith, Amelia J. Williams, New Orleans, for defendant-appellee U.S. Home, Inc. and Homecraft Land Dev. Co.
Gary M. Zwain, New Orleans, for defendant-appellant Magnolia Const. Co.
Donald Giglio, New Orleans, for defendant-appellee.
Lawrence Centola, Jr. and Donald A. Hoffman, New Orleans, for defendant-appellee St. Tammany Parish.
James B. Frederick, Jr., Baton Rouge, for defendant-appellee State of La. through *1000 Louisiana Dept. of Transp. & Development, Office of Public Works.
James Jenkins and Lane Carson, and Martha Frazier, Slidell, for defendant-appellee St. Tammany Parish Police Jury.
Before LOTTINGER, CARTER, LANIER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This appeal arises from a suit brought by nine owners or past owners of homes, which are located in Kingspoint Subdivision, Slidell, Louisiana, against Magnolia Construction Co. (Magnolia), the Parish of St. Tammany through the St. Tammany Parish Police Jury (Parish), and the State of Louisiana, through the Louisiana Department of Transportation and Development, through Office of Public Works (DOTD).[1]
The dispute between the parties arises from the Parish's efforts to improve drainage in a canal, which extends through Kingspoint Subdivision and is located directly behind the plaintiffs' homes. The DOTD prepared plans and specifications for the project, which encompassed the dredging, widening and improvement of the existing canal. This project was to be performed within a drainage servitude established by the subdivision developer in favor of Parish. Parish executed a contract with Magnolia which provided for Magnolia's construction of the drainage improvements to the canal. Subsequently, Magnolia subcontracted this work to Leon Lowe & Sons Inc. (Lowe), which actually performed the work.
The work associated with this project extended over two and one-half years. It involved the operation of large equipment, such as draglines, dump trucks, a bulldozer, a watering truck and pumps. The logistics of the work required the removal of privacy board fences which were located on the rear of the plaintiffs' property within the Parish's servitude.
The homeowners filed suit against the above-named defendants contending that the work on the drainage canal was performed negligently which resulted in erosion and drainage problems on the plaintiffs' properties. Plaintiffs further contended that the use of the heavy equipment in close proximity to their homes created hazardous dust and unbearable noise levels which caused illness and also deprived plaintiffs of the full use and enjoyment of their property.
DOTD third-partied Parish and Magnolia, Parish third-partied DOTD and Magnolia, and Magnolia third-partied DOTD, Parish and Lowe with each third-party plaintiff seeking indemnification from the other parties.[2]
The trial court determined that Magnolia and Lowe were at fault for damages resulting from the ninety day operation of a noisy water pump.[3] A damage award of $6,300.00 was allocated to this conduct. The trial court found as fact that DOTD and the Parish were not negligent. However, the trial court also determined that the construction project had interfered with the plaintiffs' use and enjoyment of their property and found DOTD, Parish and Magnolia to be liable to plaintiffs for all of the damages they sustained based on La.Civ.Code art. 667.[4] The trial judge *1001 awarded itemized damages totaling $45,015.00. This award included the $6,300.00 award for the operation of the noisy water pump, as well as individual damage awards for drainage problems, loss of property due to erosion, the lack of use of that part of plaintiffs' properties that was not burdened by a servitude and the disruption of plaintiffs' lives by the general noise, dust and vibrations caused by the project. Magnolia, Parish and DOTD were found to be liable in solido for these damages on the main demand.
In reference to the third-party demands, the trial court found that DOTD was entitled to indemnification from Parish[5] for the full amount of the judgment rendered in the principal demand, Parish was entitled to contractual indemnification from Magnolia for the full amount of the judgment and Magnolia was entitled to contractual indemnification from Lowe for the full amount of the judgment.
Magnolia appeals the trial court's judgment contending that the trial court erred in 1) holding it solidarily liable with Parish and DOTD on the main demand and 2) in finding it liable for the indemnification of Parish's liability arising under La.Civ.Code art. 667.
Magnolia refers to La.R.S. 9:2773 to support its first contention that the trial court erred in finding it liable in solido with Parish and DOTD for the full amount of the judgment on the main demand. This statute provides:
9:2773. Limitations on the responsibility of agents, contractors and representatives
A. It is the public policy of the state that the responsibility which may be imposed on an agent, contractor, or representative by reason of the responsibility of proprietors under Article 667 of the Louisiana Civil Code shall be limited solely to the obligation of such agent, contractor, or representative to act as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such agent, contractor, or representative, and only in the event the proprietor is unable to satisfy any claim arising out of such damage. The agent, contractor, or representative who is responsible for damages, as limited by this Section, shall have a right of action against the proprietor for any damages, costs, loss or expense which he may suffer in his capacity as the surety of the proprietor.
B. Nothing in this Section shall be construed to relieve a contractor of any liability which he may incur as a result of his own negligence or the improper performance of the work performed under the construction contract.
C. The provisions of this Section shall apply to all construction agreements entered into after the effective date hereof and may be waived by the contractor.
Added by acts 1975, No. 602, Sec. 1.
Since the construction agreement between Parish and Magnolia was executed on February 28, 1979, the provisions of La.R.S. 9:2773 are clearly applicable to the facts of this case. Based on La.R.S. 9:2773(A), we find that Magnolia's responsibility for the liability imposed on defendants pursuant to La.Civ.Code art. 667 shall be limited to acting as the surety of Parish and DOTD.[6]
However, suretyship itself is a type of solidarity. Wooten v. Wimberly, 272 So.2d 303 (La.1972). Under La.C.C. art. 1794,[7] "[a]n obligation is solidary for the obligors when each obligor is liable for the whole *1002 performance." The surety is liable for the whole debt as is the solidary debtor.[8]Wooten, supra, Bordelon v. Smith, 506 So.2d 788 (La.App. 1st Cir.), writ denied, 512 So.2d 1178 (La.1987). In the present case, Magnolia failed to assert the affirmative defense of discussion against plaintiffs. Thus, Magnolia is bound to plaintiffs for the entire principal debt and it cannot force plaintiffs to execute first against the property of the principal debtors. Bordelon, supra. Therefore, the trial court was correct in casting Magnolia in judgment in solido with Parish and DOTD in the main demand. Thus, Magnolia's status as surety pursuant to La.R.S. 9:2773 is significant only in determining liabilities between Magnolia, Parish and DOTD. However, since Magnolia is liable only as a surety for the Parish, it (Magnolia) is entitled to reimbursement from the Parish for all sums it is required to pay on the Parish's behalf on the main demand for the La.C.C. art. 667 obligation. La.C.C. art. 3052, et seq., amended and reenacted as La.C.C. art. 3047, et seq., by Acts 1987, No. 409, effective January 1, 1988.
Parish argues, pursuant to La.R.S. 9:2773(C), that Magnolia has waived the protection afforded to it under La.R.S. 9:2773(A) by entering into the indemnity agreement with Parish. We disagree. The indemnification agreement neither specifically addresses a waiver of the protection afforded by La.R.S. 9:2773 nor does the contractual language necessarily imply such a waiver. It is possible to give effect to both the contractual indemnification language and the statutory provision for limited liability if the indemnification clause is determined not to indemnify against absolute liability arising under La.Civ.Code art. 667. Therefore, we find that Magnolia and Parish did not intend to waive the provisions of La.R.S. 9:2773. Accordingly, Magnolia is liable in solido on the main demand as the surety of Parish and DOTD.
Next, we must address whether the indemnification language of the contract between Magnolia and Parish provides indemnification by Magnolia for the Parish's absolute liability arising under La.Civ.Code art. 667.[9] The pertinent language of the contract provides:
Responsibility for Damage Claims: The contractor shall save harmless the contracting agency, and all of its representatives from all suits, actions or claims of any character brought on account of any damages sustained by any person or property in consequence of any neglect in safeguarding the work, or through the use of unacceptable materials in the construction of the improvement, or on account of any negligence, act or omission by the said contractor ...
Magnolia argues that the trial court erred in finding it liable to indemnify Parish for damages arising under La.Civ.Code art. 667. Magnolia contends that it intended to indemnify Parish only against the consequences of Magnolia's own negligence.
In Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986), the Supreme Court addressed the issue of whether a contract of indemnity between a lessee and a contractor provided indemnity against the lessee's strict liability to a third person. The indemnity clause in question provided:
Contractor [Atlas] shall fully defend, protect, indemnify and hold harmless the Company [Texas], its employes and agents from and against each and every claim, demand or cause of action and any liability, cost, expense (including but not limited to reasonable attorney's *1003 fees and expenses incurred in defense of the Company), damage or loss in connection therewith, which may be made or asserted by Contractor. Contractor's employes or agents, subcontractors, or any third parties, (including but not limited to Company's agents, servants or employes) on account of personal injury or death or property damage caused by, arising out of, or in any way incidental to, or in connection with the performance of the work hereunder, whether or not Company may have jointly caused or contributed to, by its own negligence, any such claim, demand, cause of action, liability, cost, expense, damage or loss, except such as may result solely from the Company's negligence. (emphasis added) Soverign, 488 So.2d at 983 ft. note 1.
The court found that the words of the contract were not clear and explicit regarding the parties' intent with regard to strict liability.
The court summarized the general rules of contractual interpretation and explained that these general rules should govern when construing a contract of indemnity:
Interpretation of a contract is the determination of the common intent of the parties. See Civil Code arts. 1945, 1949, 1950 and 1956 (1870); Civil Code art. 2045 (1984).2 When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. See Civil Code arts. 13 and 1945(3) (1870); Maloney v. Oak Builders Inc., 256 La. 85, 235 So.2d 386 (1970); Civil Code art. 2046 (1984). Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. Civil Code art. 1955 (1870); see Civil Code art. 2050 (1984). Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. Civil Code art. 1959 (1870); see Civil Code art. 2051 (1984). When the parties intend a contract to have a general scope, but particularly describe a specific situation to eliminate doubt, the interpretation of the contract must not restrict its scope to that specific situation. Civil Code art. 1962 (1870); Civil Code art. 2052 (1984). The obligation of contracts extends not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or necessary to carry it into effect. Civil Code art. 1903 (1870).3 Equity is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another. Civil Code art. 1965 (1870); see Civil Code art. 2055 (1984).
2 In the interests of clarity and conciseness, the language of 1984 La.Acts, No. 331, which revised titles III and IV of Book III of the Civil Code, is used herein whenever the modern version makes no change in the law.
3 In the 1984 revision of the obligations articles, the substance of article 1903 was enlarged and reproduced in new article 2053 and converted from substantive law to an interpretative rule by Civil Code art. 2054 (1984).
Civil Code art. 2053 (1984) provides:
A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties.
Civil Code art. 2054 (1984) provides:
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose. 488 So.2d at 984.
The court further elaborated regarding the application of these general rules in the context of the indemnification issue presented in Soverign:
If the common intention of the parties as to strict liability is in doubt after applying the general rules and interpreting each provision in light of the contract as a whole, the court is called upon to *1004 interpret the contract further in light of everything that, by law, custom, usages, or equity, is considered as incidental to the particular contract or necessary to carry it into effect. See Civil Code arts. 1903, 1953, and 1965 (1870); cf. Civil Code arts. 2053, 2054 (1984). In such a case, these elements enter into every contract and may be shown for the purpose not only of elucidating it, but also of completing it. Southern Bitulithic Co. v. Algiers Ry. & Lighting Co., 130 La. 830, 58 So. 588 (1912). 488 So.2d at 985.
After examining the Soverign contract in its entirety, the court determined that the parties intended to provide indemnity against strict liability under art. 2317. This conclusion was based on the language of the indemnification clause as well as other language in the contract that referred to the possibility of claims, causes of actions and judgments based upon strict liability for damage caused by premises hazards or defects. Since the parties adverted to claims based upon strict liability, the court concluded that the parties had contemplated strict liability when they agreed that the indemnification would cover each and every claim or liability except for those resulting from the indemnitee's negligence.
The court explained that when there is doubt regarding indemnification against an indemnitee's own negligence liability, there is a presumption that the parties did not intend to indemnify an indemnitee against losses resulting from his own negligent act citing Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977). However, the court held that this presumption did not apply to the issue of whether the parties intended to provide for indemnification against the indemnitee's strict liability.
Based on the reasoning of Soverign, we find that a presumption of contractual intention regarding liability for indemnification does not exist in the present case. After applying the general rules of contractual interpretation discussed in Soverign, we find that the pertinent indemnification language of the contract is not clear and explicit regarding indemnification against the indemnitee's absolute liability arising under La.Civ.Code art. 667. Nor do we find any other provisions of the contract to be helpful in determining the intent of the parties.
Since the contract does not clearly establish the intent of the parties, we must refer to other general principles of contractual interpretation. At the time this contract was executed, former La.Civ.Code arts. 1957 and 1958 provided:
Art. 1957. Interpretation against obligor
Art. 1957. In a doubtful case the agreement is interpreted against him who has contracted the obligation.
Art. 1958. Interpretation against party responsible for doubt
Art. 1958. But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee.[10]
The record in the present case establishes that DOTD prepared the project specifications, which include the indemnification provision at issue, and the contract *1005 between Parish and Magnolia. A provision in the contract designated the project specifications to be part of the contract between Parish and Magnolia. Furthermore, a resolution adopted by Parish on November 8, 1978, evidences that Parish requested that the Office of Public Works (DOTD) "prepare the necessary plans and specifications" for the drainage project. Based on these facts, we find that DOTD acted as an agent of Parish in providing the language of the contract between Magnolia and Parish.
The jurisprudence interpreting La.Civ. Code arts. 1957 and 1958 establishes that ambiguous contract provisions should be construed against the party who prepared the contract. Kenner Industries v. Sewell Plastics, 451 So.2d 557 (La.1984); Thomas v. Knight, 457 So.2d 1207 (La.App. 1st Cir. 1984). Applying this principle to the facts of the present case, we find that Parish and/or its agent (DOTD) had the opportunity to make the indemnity provision clear regarding the indemnification of absolute liability based on La. Civil Code art. 667. Therefore, the ambiguity which exists in the contract must be construed against Parish. Thus, we find no indemnification by Magnolia against Parish's absolute liability arising under La.Civil Code art. 667.
During oral arguments, counsel for Magnolia stated that Magnolia does not dispute that it is liable to Parish for indemnification of the $6,300.00 award for the operation of the noisy water pump.[11] Therefore, our holding that Magnolia is not liable to Parish for indemnification of damages arising from Parish's absolute liability is limited to the remaining part of the award against Parish on the main demand ($38,715.00).
For the reasons expressed above, the judgment of the trial court is amended to give the Parish judgment on its third party demand against Magnolia in the sum of $6,725.00 ($6,300.00 damages plus $425.00 in trial court costs[12], and to give Magnolia judgment on its third party demand against the Parish for reimbursement of all amounts it may be required to pay as surety of the Parish on the La.C.C. art. 667 obligation of $38,715.00. The judgment is affirmed in all other respects.
The costs of this appeal total $6,324.25. One-half of these costs are to be paid by Parish; the other one-half are to be paid by Magnolia.
AMENDED AND, AS AMENDED, AFFIRMED.
CARTER, J., concurs in part and dissents in part and assigns reasons.
CARTER, Judge, concurring in part and dissenting in part.
Applying the principles of Soverign Insurance Company v. Texas Pipe Line Company, 488 So.2d 982 (La.1986), to the contract in this case, I am convinced that the parties intended to provide indemnity against strict liability under LSA-C.C. art. 2317. The judgment of the trial court should be affirmed in all respects.
NOTES
[1] Other defendants named in the suit included the insurers of Magnolia, Parish and DOTD; Homecraft Land Development, Inc., the subdivision developer; and U.S. Home, Inc., the builder of some of the homes which the plaintiffs owned. The suit against Homecraft and U.S. Home was dismissed with prejudice after trial in this matter.
[2] Numerous other third-party demands were filed in this suit but are not relevant on appeal.
[3] Although the trial court determined in his reasons for judgment that Lowe was at fault for the damages caused by the operation of the noisy pump, Lowe was not cast in judgment on the main demand because Lowe was not a defendant in the main demand. Where there is a conflict between a judgment and reasons for judgment, the judgment prevails. Shatoska v. Whiddon, 468 So.2d 1314 (La.App. 1st Cir.), writ denied, 472 So.2d 35 (1985).
[4] Art. 667Limitations on use of property

Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
[5] A resolution adopted by Parish on November 8, 1978, provided indemnification of DOTD by Parish for any damages arising out of the drainage project.
[6] Magnolia does not contend that it should not be held solidarily liable for the $6,300.00 award for the damages caused by the operation of the noisy water pump. Furthermore, during oral arguments, Magnolia's counsel stated that Magnolia does not dispute the trial court's finding that it is liable to Parish for indemnification of the $6,300.00 award.
[7] The language of La.Acts 1984, No. 331 is used herein rather than the language of former La. C.C. art. 2091, which was in effect at the time that the parties contracted, because the modern version makes no change in the law.
[8] However, we note that pursuant to La.Civ. Code art. 3045 (prior to amendment by Acts 1987, No. 409, § 1), the surety had the benefit of pleading discussion in a case where the principal is joined. In this situation, the court could render judgment against both principal and surety but was required to order the creditor to execute first against the property discussed. La. Civ.Code art. 3051 (prior to amendment by Acts 1987, No. 409, § 1).
[9] Our classification of the liability arising pursuant to La.Civ.Code art. 667 as absolute liability is based on the Supreme Court's recent analysis of this article in Butler v. Baber, 529 So.2d 374 (La.1988). See J. Anjier, Butler v. Baber: Absolute Liability for Environmental Hazards, 49 La. L.Rev. 1139 (1989).
[10] In the 1984 revision of the obligations articles, Articles 1957 and 1958 were amended and redesignated as new articles 2056 and 2057:

Art. 2056. Standard-form contracts
In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.
A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.
Art. 2057. Contract interpreted in favor of obligor
In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation.
Yet, if the doubt arises from lack of a necessary explanation that one party should have given, or from negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party whether obligee or obligor.
[11] Magnolia's brief indicates that it considers this liability to be based on negligence; Magnolia concedes that it is liable to indemnify Parish for any damages resulting from Magnolia's negligence.
[12] In reference to the trial court costs, we find that Magnolia should only be required to indemnify Parish for a part of the costs. Since Magnolia's liability for indemnification to Parish is approximately one-seventh of the total award, we determine that Magnolia is liable to Parish for one-seventh of the trial court costs, which amounts to $425.00.