WILLIAMS, Judge.
Plaintiff, John B. Reis and the City of New Orleans appeal the granting of summary judgment in favor of New Orleans Summer Pops, Inc., Holiday on Ice, Inc., Empire Indemnity Insurance Company and Empire Fire & Marine Insurance Company in this personal injury action. We reverse.
*65 On April 26, 1978, plaintiff John B. Reis fell while leaving a performance of the New Orleans Summer Pops’ “Holiday on Ice” show at the Municipal Auditorium. He filed suit on April 24, 1979, naming as defendants the City of New Orleans, the Summer Pops, Empire Indemnity Insurance Company and Empire Fire and Marine Insurance Company. The petition alleged plaintiffs fall was caused by the defendants’ failure to maintain the steps in the balcony of the auditorium in a safe condition, including failure to provide adequate foot lighting for the steps. The City of New Orleans filed a third party demand against the Summer Pops/Holiday on Ice and Empire Indemnity and Empire Eire and Marine.
The City of New Orleans had leased the New Orleans Municipal Auditorium to the Summer Pops for the period of April 24 through May 2, 1978 for presentation of the Holiday on Ice show. The lease agreement is a standard form, provided by the City, which contains the following clause at line 264:
[L]essee hereby assumes responsibility for the condition of the premises and the lessor shall not be liable in damages for injury caused by any vice or defect therein to any tenant or occupant, nor to anyone in the building or on the premises by license of the lessee or occupant, unless the lessor knew of such vice or defect or had received written notice of such vice or defect and failed to remedy same within a reasonable time thereafter.
The following additional language was typed in to the lease at line 76:
Lessor (City) shall not be liable to lessee or lessee’s employees, patrons or visitors, or any other person for any damages to person on property caused by any act, omission or neglect of lessee, and lessee agrees to hold lessor harmless from all claims for any such damage, whether the injury occurred on or off the leased premises.
Lessee shall hold lessor harmless and indemnified against any loss, cost, damage, expenses or liability whatsoever by reason of any act, thing or omission, or by persons or property and lessee agrees to carry and pay for liability insurance in principal sum of not less than $100,-000.00 to any one person and $250,000.00 for any one accident with a company or companies approved by lessor and shall designate lessor as an additional insured.
The Summer Pops obtained liability insurance from Empire Fire and Marine Insurance Company for the period April 24 through May 2, 1978. The named insureds are the New Orleans Summer Pops, the New Orleans Municipal Auditorium, and J. Lee Friedman. Though it is uncertain whether the insureds ever received a copy of the insurance policy, the insurance binder states in relevant part:
The company will pay on behalf of insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury or (b) property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto.
The Summer Pops/Holiday on Ice and the Empire Insurance companies filed a motion for summary judgment. They argued that'the lease imposes liability upon the lessees only for damages “caused by any act, omission or neglect of lessee.” Because neither the Summer Pops, its employees, nor any of the performers in the Holiday on Ice show did anything by way of omission or comission to bring about the fall of plaintiff, they contend that they should not be held liable for plaintiff’s injuries.
The trial court granted summary judgment dismissing plaintiff’s suit and the third party demand (by the City of New Orleans) against the New Orleans Summer Pops, Inc., Holiday on Ice, Inc., the Empire Indemnity Insurance Company and Empire Fire and Marine Insurance Company. Plaintiff and the City of New Orleans appeal.
Plaintiff argues that the trial court erroneously granted summary judgment based on the contract of lease between the Sum *66 mer Pops and the City of New Orleans. At the hearing on the motion, the trial judge stated:
It [the lease] states quite clearly point blank in the typewritten part of the lease the insurance will be furnished to cover the activities of the persons who are occupying the premises. It refers to occupants. Occupants are not the City of New Orleans. The City of New Orleans is the owner. There is no question but that the insurance was provided only to cover negligent acts of occupants.
Plaintiff contends that the lease is irrelevant to the question of what coverage is afforded by the insurance policy issued by Empire.
The City of New Orleans argues that if plaintiff were to prove his cause of action, it would be covered by both the lease agreement and by the liability insurance obtained by the Summer Pops. The lease agreement between the City and the Summer Pops/Holiday on Ice clearly indicates that the intent of the parties was to insure the City against any accident that occurred while the lessee occupied the premises, including injuries caused by any vice or defect therein. The subsequently typed-in clause imposing liability upon lessee for acts or omissions of the lessee does not invalidate the clause imposing broader liability.
Both plaintiff and the City of New Orleans argue that the insurance policy extends coverage to the City under the circumstances herein and that the policy clearly covers “bodily injury ... caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises.” Appellants further argue that the policy must be enforced as written and if the policy is ambiguous as to whether it provides coverage for this type of peril, any ambiguity should be construed in favor of the insured. Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988). It is undisputed that the New Orleans Summer Pops and the New Orleans Municipal Auditorium are named insureds under the policy and that the Auditorium is merely a property owned by the City. Therefore, appellants contend that the designation of the Auditorium as a named insured can only be construed as a designation in favor of the City of New Orleans as lessor of the property.
Summer Pops, Holiday on Ice and Empire argue that the clause typed into the standard form contract of lease governs, and it imposes liability upon lessees only for damage “caused by any act, omission or neglect of lessee.” Appellees point out that this typed clause should prevail over the conflicting printed clause requiring lessee to assume responsibility for the condition of the premises. Finally, they argue that any ambiguity in the contract of the lease should be construed against the party who prepared the contract, the City of New Orleans, LSA-C.C. Art. 1957, 1958; Owens v. U.S. Home, Inc., 552 So.2d 998 (La.App. 1 Cir.1989).
We agree that the designation of the Municipal Auditorium as an insured under the liability policy can only be construed as a designation in favor of the City of New Orleans as lessor of the building. The policy covers bodily injury “to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises.” The phrase, “to which this insurance applies,” is not defined.
As to the lease agreement, there is no clear indication that the typed-in clause (regarding liability of the lessee for acts or omissions of the lessee) was intended to invalidate the clause by which the lessee accepts responsibility for the vices and defects in the condition of the premises. The “vice or defect” clause is not deleted in any manner. The two clauses do not appear to be mutually exclusive.
Accordingly, we find that summary judgment is inappropriate because there are genuine issues of material fact. LSA-C.C.P. 966. There are genuine issues of material fact regarding whether plaintiffs injuries were caused by any negligence on the part of the Summer Pops and Holiday on Ice; whether the parties to the lease agreement intended that the Summer Pops and Holiday on Ice assume responsibility *67 for the condition of the Municipal Auditorium; whether the parties intended that the amendment to the agreement nullify the assumption of responsibility for the condition of the premises; whether the insurance policy provides coverage to the City of New Orleans for the injury involved herein regardless of the lease; and whether plaintiff and the City are third party beneficiaries of the insurance policy.
The judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.