# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 00-30661

_____

RELIANCE WELL SERVICE, INC.,

Plaintiff / Appellee / Cross-Appellant,

VERSUS

HUNT PETROLEUM CORPORATION, et al,

Defendants,

HUNT PETROLEUM CORPORATION,

Defendant / Appellant / Cross-Appellee.

_____

JESSE CALHOUN,

Plaintiff/ Appellee/ Cross-Appellant,

VERSUS

HUNT PETROLEUM CORPORATION; ET AL,

Defendants,

HUNT PETROLEUM CORPORATION,

Defendant/ Intervenor Defendant/ Appellant/Cross-Appellee,

VERSUS

LOUISIANA WORKERS COMPENSATION CORPORATION

Intervenor Plaintiff / Appellee.

Appeals from the United States District Court
for the Western District of Louisiana
(97-CV-2454)

May 24, 2001

Before DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM: *

This litigation arises out of a well blow out which occurred in December 1996 in Bienville Parish, Louisiana. Reliance Well Services, Inc. ("Reliance") was the owner and operator of the rig and was drilling the well for Hunt Petroleum Corporation ("Hunt"). After a bifurcated trial with respect to liability and damages, the liability jury allocated fault to the parties as follows: Hunt, 78%, Reliance, 12%, and other parties 10%. The damages jury awarded $160,000 to Reliance for damage to its rig and $400,000 to Jesse Calhoun ("Calhoun"), for personal injuries he suffered in the blowout. Hunt appeals.

Hunt argues first that the District Court erred in refusing to allow it to introduce evidence and argue that it was the general custom in the oil field for the drilling contractor (Reliance) to agree to bear the loss of its above ground equipment. We disagree. The parties stipulated that the parties executed no written contract covering the work Reliance did at the well-site. Whether the provision Hunt seeks to establish as part of the oral contract with Reliance is characterized as an indemnity provision or a risk of loss provision, Louisiana law is clear that a party will not be indemnified for its own negligence unless the contract expressly and unambiguously provides that the parties intended to do so. In re Incident Aboard D/B OCEAN KING, 758 F.2d 1063, 1067 (5th Cir. 1985)

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(Addressing an allocation of risk provision in a drilling contract, the question was whether the contract unambiguously demonstrates that the parties intended the negligence of the indemnified party to be covered.); Amoco Production Company v. Forest Oil Corporation, 844 F.2d 251, 253 (5th Cir. 1988) (An agreement "will not be construed to cover losses arising from the indemnitee's negligence unless a mutual intent to provide such indemnification is expressed in unequivocal terms.")  Hunt's proffered evidence of a general custom in the industry for the contractor to bear the loss of its above ground equipment cannot meet this demanding standard.  In addition, when there is doubt as to the parties' intention, "usage, custom or equity may not be used to interpret a contract expansively in favor of the indemnitee."  Sovereign Insurance Company v. The Texas Pipe Line Company, 488 So.2d 982, 985-86 (La. 1986).  Accordingly, the District Court did not abuse its discretion in excluding Hunt's contract evidence as such exclusion did not affect Hunt's substantial rights.

Hunt also challenges the District Court's orders refusing to give its requested instruction on open and obvious dangers and giving an instruction on the rescue doctrine.  If a party wishes to complain of a District Court's refusal to give a proffered instruction, that party must show as a threshold matter that the proposed instruction correctly states the law.  Bellsouth Telecommunications, Inc. v. Johnson Brothers Corporation of Louisiana, 106 F.3d 119 (5th Cir. 1997).  The instruction on open and obvious dangers requested by Hunt was not a correct statement of Louisiana law.  See Pitre v. Louisiana Tech University, 673 So. 2d 585, 590 (La. 1996).  In addition, Hunt fails to cite any Louisiana authority holding that the rescue doctrine is no longer viable in Louisiana.  We find no error.

We also conclude that the District Court did not err in rejecting Hunt's argument for new trial or for remittitur of the damages awarded to Mr. Calhoun. Based on our review of the case law, the damage award to Calhoun is not excessive or so large as to appear contrary to right reason.

AFFIRMED.