774 So.2d 366 (2000)
Rocky MITCHELL
v.
PATTERSON INSURANCE COMPANY, et al.
No. 00 00612-CA.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*367 F. Hodge O'Neal, O'Neal & Norris, Monroe, LA, Mark Lee Talley, Jena, LA, Counsel for Plaintiff-Appellant Rocky Mitchell.
Raymond L. Brown, Jr., Gold, Weems, Bruser, Alexandria, LA, Counsel for Defendant-Appellee Gulf Insurance Company.
Mark Alan Watson, Stafford, Stewart, & Potter, Alexandria, LA, Counsel for Defendant-Appellee Patterson Insurance Company, Rodney Douglas, and Jerrod Douglas.
Court composed of Judges SAUNDERS, PETERS, and GREMILLION.
GREMILLION, Judge.
In this case, the plaintiff, Rocky Mitchell, appeals the judgment of the trial court dismissing his case and granting a motion for summary judgment in favor of the defendant, Gulf Insurance Company. The trial court held that Rocky was not an insured under the policy in question issued by Gulf. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On December 27, 1998, Rocky suffered serious personal injuries while riding as a guest passenger in an automobile that collided with a tree. The vehicle was owned by Rodney Douglas and was being driven with his permission by Jerrod Douglas. Rocky collected the proceeds from the minimal limits policy insuring the Douglas vehicle, and thereafter, sought to collect uninsured motorist benefits from Gulf. Gulf denied the claim, and Rocky subsequently filed suit. Both Rocky and Gulf filed motions for summary judgment on the issue of whether the Gulf policy provided UM benefits for Rocky. The trial court granted Gulfs motion for summary judgment holding that Rocky was not an insured under the policy issued to the LaSalle Parish School Board. It further found that the policy covered only those occupying the school bus driven by Rocky's mother, Beverly Mitchell. Rocky timely appealed the trial court's judgment dismissing his case against Gulf.
Rocky assigns as error the trial court's interpretation that only the School Board is an insured under the UM provisions of the policy when a school board is incapable of sustaining "personal injury"; that the policy requires that the insured party occupy the insured vehicle in order to collect UM benefits; that the policy excludes Rocky and Beverly when Beverly purchased the policy and paid the premiums; and for ignoring the UM statute and the jurisprudence.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. *368 Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La. Code Civ.P. art. 966(B). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2). In this case, there are no factual matters in dispute. Rather, interpretation of an insurance policy is a question of law, and we have authority to construe the provisions of the policy in order to resolve questions of coverage. Stoute v. Long, 98-683 (La.App. 3 Cir. 12/9/98); 722 So.2d 102.

DISCUSSION

Is Rocky covered as a named insured?
The trial court granted summary judgement in favor of Gulf, declining to find UM coverage in favor of Rocky. The policy in question identifies the School Board as the named insured. However, Rocky argues that a school board cannot be a named insured because it cannot sustain personal injury. This argument is without merit. Corporations and political entities may purchase an insurance policy to protect it from injuries sustained by those occupying a covered vehicle. Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97); 691 So.2d 665. Thus, Rocky is not covered as a named insured under the Gulf policy.

Is Rocky covered by virtue of "occupying" a covered vehicle?
It is elemental that a person must qualify as an insured party under the policy in order to be entitled to UM benefits under that policy. La.R.S. 22:1406(D)(1)(a)(i). Thus, the only remaining issue is whether Rocky is an insured under the School Board's policy. The policy in question defines an insured as:
1) You.
2) If you are an individual, any "family member."
3) Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
5) Anyone else "occupying" an "auto" you do not own and that is a covered "auto" under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.
The Business Auto Coverage Form states that the words "you" and "your" refer to the named insured shown in the Declarations. The named insured in this policy is the School Board. Since the named insured is not an individual, number two does not apply. Number three provides coverage to those occupying a covered auto. While it is true that the school bus Beverly Mitchell drove is a covered auto, Rocky cannot argue that he was occupying it at the time of his injury. The policy defines "occupying" as "in, upon, getting in, on, out, or off." Rocky clearly was not occupying his mother's school bus at the time of the accident. On the contrary, he was occupying the vehicle owned by Douglas. There is no nexus between the insured auto and Rocky, and the language used in the policy is clear and unambiguous. While it is true that the law favors UM coverage and liberal interpretation of policy provisions, we cannot find that Rocky is entitled to benefits under the School Board's UM policy. An insurance policy should not be interpreted in a strained manner to enlarge its provisions beyond what is reasonably contemplated by its terms. Reynolds v. Select Prop., Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
Moreover, La.R.S. 22:1406(D)(i)(a)(iv) specifically provides that:
Notwithstanding any contrary provision of this Section, an automobile liability *369 policy written to provide coverage for a school bus may limit the scope of uninsured motorist liability to only provide liability coverage for damages incurred by reason of an accident or incident involving the school bus, or a temporary substitute vehicle, and such limitation shall limit the uninsured motorist coverage of a named insured in the policy to only damages incurred by reason of such accident or incident.
Clearly, the policy issued by Gulf intended to provide UM coverage only to those occupying a covered auto, i.e., one of the fifty-seven school buses listed in the policy. Because Rocky was not occupying a covered vehicle, he is not an insured under the UM policy.

Premium Payments
Next Rocky argues that he and his mother cannot be excluded from coverage because his mother "purchased the policy and paid the premiums." We find no merit in this argument. Pursuant to a lease-purchase agreement, Beverly was purchasing the school bus from the School Board. The School Board withheld a certain sum from her paycheck in order to partially cover the cost of the insurance coverage the School Board maintains. Nevertheless, Beverly is not the named insured on the policy, nor did she purchase the policy or pay any premiums directly to Gulf. While Beverly would be an insured while occupying the vehicle, as would any other person occupying the bus, this coverage does not extend to her son when he is involved in an accident while a passenger in a friend's vehicle. Rocky urges that the second definition of an insured stated above applies in this case, thus, affording coverage to him as a "family member." However, it is clear from the definition itself that "family members" are covered only if the policy is issued to an "individual." Here, the policy was issued to an entitythe School Board, and Rocky's reliance on that definition is misplaced. Moreover, the School Board's withholding of funds from Beverly's paycheck to partially reimburse it for the premium does not mean that she is an insured "individual" as contemplated by definition number two. The First Circuit addressed this very issue in Morris v. Mitchell, 451 So.2d 192 (La.App. 1 Cir.1984), where it held that the school board's assessment of a pro-rata share of the policy premium did not convert the named insured (there the Washington Parish School Board) into an individual insured. We agree that partial premium payment does not alter the named insured under the policy, thus, Rocky is precluded from claiming coverage as a "family member" of the named insured.

CONCLUSION
Rocky is not covered under the UM policy issued to the LaSalle Parish School Board because he is not a named insured, he was not occupying an insured vehicle, and, since an individual is not the named insured under the policy, he is precluded from claiming coverage as a family member. Accordingly, since there were no genuine issues of material fact, we hold as a matter of law that Gulf Insurance Company was properly granted a summary judgment. The judgment of the trial court is affirmed, and the costs of this appeal are assessed to the plaintiff/appellant, Rocky Mitchell.
AFFIRMED.