# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1353

FRANK J. HAYES, JR., ET AL.

VERSUS

BURLINGTON RESOURCES OIL & GAS
COMPANY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4758
HONORABLEDAVID KENT SAVOIE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Roger G. Burgess
Baggett, McCall , Burgess,
Watson & Gaughan, L.L.C.
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA   70606-7820
(337) 478-8888
COUNSEL FOR DEFENDANTS/APPELLEES:
　　Bridget Voge
　　John Voge

James R. Nieset
Plauche', Smith, & Nieset
Post Office Drawer 1705
Lake Charles, LA   70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
　　P. B. Energy Storage Services

**Vernon Ed McGuire, III**
**Plauche', Smith & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA   70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Calcasieu Parish Police Jury**

**Barry A. Roach**
**Larry A. Roach, Inc.**
**2917 Ryan Street**
**Lake Charles, LA   70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Christy Johnson**
     **Frank J. Hayes, Jr.**

**Michael H. Schwartzberg**
**Vamvoras & Schwartzberg**
**1111 Ryan Street**
**Lake Charles, LA   70601**
**(337) 433-1621**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Christy Johnson**
     **Frank J. Hayes, Jr.**

**Kenneth R. Spears**
**C. Thomas Tolbert**
**Spears & Gary, LLC**
**One Lakeshore Drive, Suite 900**
**Lake Charles, LA   70629**
**(337) 513-4333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Burlington Resources Oil & Gas Co.**

**Scott J. Scofield**
**Scofield, Gerard, Singletary & Pohorelsky, L.L.C.**
**Post Office Drawer 3028**
**Lake Charles, LA   70602-3028**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Sasol North America, Inc.**

**Paul L. Veazey, Jr.**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, LA   70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **PPG Pipeline**
   **Centerpoint Energy Resources**
   **PPG Industries, Inc.**

**Henry Dupont Heck Olinde, Jr.**
**Rachel Marasa Azzarello**
**Carleton, Dunlap, Olinde, et al**
**One American Place, 9th Floor**
**Baton Rouge, LA   70825**
**(225) 282-0600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Gravity Drainage District No. 5 of Ward 4**

**Robert J. Young, III**
**Young, Richaud & Myers, LLC**
**3850 North Causeway Boulevard, Suite 1830**
**Metairie, LA   70002**
**(504) 799-3500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Gulf South Pipeline Company**

AMY, Judge.

The plaintiffs brought suit on behalf of their minor daughter after she sustained serious injuries in a four-wheeler accident. Included among the defendants was the owner of the land and a pipeline right of way where the accident took place. The owner filed a motion for summary judgment, contending that it was immune from liability for this accident under Louisiana's Recreational Use Statutes. The trial court granted the motion and dismissed the plaintiff's claims against the owner. The plaintiffs appeal, asserting that the owner is not entitled to immunity. For the following reasons, we affirm.

### Factual and Procedural History

The plaintiffs, Frank Hayes and Christy Johnson, brought suit seeking recovery for their minor daughter's injuries sustained in a four-wheeler accident. In their petition for damages, the plaintiffs alleged the following circumstances giving rise to their minor daughter's injuries:

> On or about October 6, 2005, at approximately 9:00 a.m., petitioners' minor daughter, **KALLIE HAYES**, was riding as a passenger on a 4-wheeler being operated by Kristly Voge with Sam Trahan also riding as passenger. As they were riding eastbound along a pipeline right of way owned and/or in the custody, care and control of and/or maintained by the defendants, at the end of Live Oak Street in Sulphur, Calcasieu Parish, Louisiana, they approached a wooden bridge, which apparently traversed a gully 20' deep and approximately 30' wide. When the 4-wheeler riders were within only a few feet of the wood bridge, then and only then, it became apparent that the first 10' of the west end of the wooden bridge was missing and in a dilapidated and un-crossable condition. Due to the driver's inability to stop, suddenly and without warning, the 4-wheeler plummeted down into the gully whereupon **KALLIE HAYES** was ejected and impaled on a piling below sustaining multiple serious injuries.

It is undisputed that the girls were traveling on a tract of land owned by Burlington Resources Oil and Gas Company (Burlington), one of the named defendants. Burlington had right of way agreements with several other businesses to

operate pipelines running underneath the tract of land. The plaintiffs allege that the accident was caused by Burlington, among other defendants not a party to the present appeal, in its failure to keep and maintain the property, and bridge, in a safe condition.

Burlington filed a motion for summary judgment, seeking dismissal on the basis of Louisiana's Recreational Use Immunity Statutes, La.R.S. 9:2791 and La.R.S. 9:2795. On August 20, 2009, the trial court rendered written reasons granting Burlington's motion. The plaintiffs appeal, asserting that the trial court erred in holding that La.R.S. 9:2795 provides Burlington immunity.

## Discussion

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B) states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." In *Boykin v. PPG Industries, Inc.*, 08-117, p. 4 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, 842, *writ denied*, 08-1635, 08-1640 (La. 10/31/08), 994 So.2d 537, this court explained the standard of review applicable to motions for summary judgment, stating:

> Appellate courts review a trial court's grant or denial of a motion for summary judgment using the *de novo* standard of review, under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate in any given case. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.

*Recreational Use Immunity Statutes (RUS)*

Louisiana Revised Statutes 9:2791 and 9:2795 address landowners' liability for property that is used for recreational purposes. These statutes address the same subject matter and are to be read together. *Keelen v. State Dep't of Culture, Recreation & Tourism*, 463 So.2d 1287 (La.1985). Louisiana Revised Statutes 9:2791 provides, in relevant part:

> A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing, or boating or to give warning of any hazardous conditions, use of, structure, or activities on such premises to persons entering for such purposes, whether the hazardous condition or instrumentality causing the harm is one normally encountered in the true outdoors or one created by the placement of structures or conduct of commercial activities on the premises. If such an owner, lessee, or occupant gives permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
>
> B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.

Louisiana Revised Statutes 9:2795(B) provides:

> B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
>> (a) Extend any assurance that the premises are safe for any purposes.
>> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

3

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.

Under the language of La.R.S. 9:2791, immunity does not apply "when the premises are used principally for a commercial, recreational enterprise for profit." However, La.R.S. 9:2795 provides that immunity does not apply to owners "except an owner of a commercial recreational development or facility[.]" The Louisiana Supreme Court has resolved this conflict in holding:

The enactment of La.Rev.Stat. 9:2795, a second more expansive immunity statute, evidences an intent on the Legislature's part that these statutes are to grant a broad immunity from liability. The amendments to the statutes indicate the Legislature's will to expand the immunity. Our resolution of the conflicting language is in accordance with our duty to strictly interpret these statutes because they constitute an impairment to the common or natural right, and we do not extend them beyond their obvious meaning. Section 2791's proscription of immunity where the premises are used principally for a commercial recreational enterprise for profit has been repealed by Acts 1975, No. 615, § 7, which provides the immunity to owners, except owners of commercial recreational developments.

. . . .

Placing a construction on La.Rev.Stat. 9:2795B(1) which is consistent with the obvious intent of the Legislature results in a resolution that the person claiming the immunity must utilize the premises for a commercial recreational enterprise for profit to be excluded from the immunity provisions.

*Richard v. Hall*, 03-1488, pp. 29-30 (La. 4/23/04), 874 So.2d 131, 151-52.

4

In the present case, the trial court found that Burlington was afforded immunity under the RUS. The trial court explained that according to *Richard*, 874 So.2d 131, it is the owner's use of the premises which determines the availability of immunity, and thus, because there was no evidence that Burlington used its property for a commercial recreational enterprise, immunity applies. The record supports this finding.

In support of its motion for summary judgment, Burlington submitted an affidavit stating that the property in question has never been used for commercial recreational activities. In brief, the plaintiffs do not dispute this fact, stating "there is no evidence that Burlington has any inclination to allow the public onto its corridor for recreational purposes." Rather, the plaintiffs argues that RUS immunity under La.R.S. 9:2791 and La.R.S. 9:2795 is inapplicable in this case because Burlington never intended to make the right of way at issue available to the public for recreational purposes, and thus, it conflicts with the purpose of the statute. However, this case does not involve the commercial purposes conflict. Rather, this case fits into the immunity provided in La.R.S. 9:2791.

A panel of this court in *Domingue v. Stanley*, 01-41 (La.App. 3 Cir. 5/2/01), 784 So.2d 844, was presented with a similar fact pattern presented in the present case. The *Domingue* court addressed the issue of whether a landowner's permission is a prerequisite to the application of the RUS. In that case, the plaintiffs were involved in a tragic four-wheeler accident and they brought suit against the owners of the property where the accident took place. The owners filed a motion for summary judgment contending that they were immune from liability for the accident. The trial court granted that motion and the plaintiffs appealed, asserting that because the

5

landowner refused to give permission to use the property for ATV recreational purposes that the landowner had no immunity. The *Domingue* court rejected the plaintiffs' argument citing agreement with the reasoning of the fourth circuit's opinion in *Verdin v. Louisiana Land & Exploration Co.*, 96-1815 (La.App. 4 Cir. 3/12/97), 693 So.2d 162, *writs denied*, 97-1581, 97-1598 (La. 9/26/07), 701 So.2d 994, stating:

> In *Verdin v. Louisiana Land & Exploration Co.*, the plaintiffs claimed they suffered injuries when the skiff in which they were riding hit a concrete survey marker placed by the defendant at the corner of the defendant's property in a marshy area in an open bay. The edges of the property were posted. The defendant claimed immunity as the owner of property used for recreational purposes. The plaintiffs claimed that the defendant was not entitled to immunity for several reasons, including the absence of permission for them to engage in any recreational use of the bay. In affirming the trial court's finding of immunity, the fourth circuit took issue with the anomalous effect of imposing on a landowner "a greater duty to a party who goes onto his land for recreational purposes without his permission than to a person who goes onto his land for recreational purposes with his permission." After analyzing La . R.S. 9:2791 and applicable jurisprudence, the court stated:
>
> > [T]he record is replete with evidence that the area where the accident occurred in the instant case was widely used by the general public for recreational purposes, despite the fact that [the defendant] posted the area and considered the persons using the property as trespassers. Although [the defendant] did not invite the public to use the property for recreational fishing purposes, even the witnesses testifying on behalf of the [plaintiffs] at trial admitted that they frequently use the area. One witness had used the area the very day he testified. Thus, we find that the general public was able to use this land for recreational purposes and that [the defendant] is therefore entitled to the benefits of the recreational use immunity statutes.

*Domingue*, 784 So.2d at 847-48 (citations omitted).

Here, as in *Domingue*, the plaintiffs were able and did in fact enjoy the use of Burlington's property for a recreational purpose, regardless of whether they were invited to do so. In accordance with previous jurisprudence from this court we

6

conclude that the trial court did not err in finding that RUS immunity does not implicitly or explicitly require evidence of an intent on the part of the landowner to open his property to the public for recreational purposes. *Id*.

The plaintiffs further argue that neither immunity statute is applicable to the present case because Burlington's land "is not the type of land characteristically envisioned by the statute because it is too small." Louisiana Revised Statutes 9:2791 provides immunity to owners of "premises" which is defined in the statute as "lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon." A plain reading of the statute reveals no requirement that land be of a certain size to be covered under the statutes's immunity. Further, the record does not contain any information about the size of Burlington's land other than the plaintiffs' contention that it is too small. Accordingly, the plaintiffs' assertion that Burlington is not afforded immunity because of the size of its land is without merit.

The plaintiffs argue that immunity is inapplicable in this case because under La.R.S. 9:2791, four-wheeling is not one of the enumerated recreational activities provided immunity. However, *Domingue* applies the statute to this particular recreational activity. Furthermore, we note that La.R.S. 9:2791(A) applies not only to hunting, fishing, etc., but specifically to the more general activity of sightseeing. Accordingly, we find no error in the trial court's granting of immunity to Burlington.

*Conclusion*

The trial court was correct to find that RUS immunity applied to Burlington in the present case. Kallie Hayes, the injured person, was engaged in the recreational activity of riding a motorized vehicle, a four-wheeler, on Burlington's land at the time she suffered injuries. No evidence was put forward that Burlington intended to harm

7

Kallie or that Burlington willfully or maliciously failed to warn Kallie against any dangerous condition. *See* La.R.S. 9:2791(B). As such, Burlington is entitled to immunity as set forth in La.R.S. 9:2791.

## DECREE

For the foregoing reasons, the trial court's judgment granting Burlington's motion for summary judgment and dismissing the plaintiffs' claims against Burlington with prejudice, is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants, Frank Hayes and Christy Johnson.

**AFFIRMED.**