STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1027

ROSARIA DURAN MAYA,
INDIVIDUALLY AND ON BEHALF
OF DAYANA MICHELLE MORALES
DURAN AND MARIA JOSE MORALES
DURAN, MINORS AND PETER ARELLANO

VERSUS

PRIOLA CONSTRUCTION CORPORATION

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2010-2905, DIV. B
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSED IN PART, AFFIRMED
IN PART, AND REMANDED.

Robert L. Bonnaffons
Raymond P. Ward
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
(504) 581-3234
COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLANT:
    CFS Enterprises, Inc., d/b/a Custom Frame Specialties

**Andrew Blanchfield**
**Keogh, Cox & Wilson, Ltd.**
**701 Main Street**
**Post Office Box 1151**
**Baton Rouge, Louisiana 70821-1151**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Priola Construction Corportation**


**Rex D. Townsley**
**The Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, Louisiana 70601**
**(337) 478-1400**
**COUNSEL FOR PLAINTIFFS:**
**Rosaria D. Maya, individually and on**
**behalf of Dayana Michelle Morales Duran**
**and Maria Jose Morales Duran, minors, and**
**Peter Arellano**


**H. Douglas Hunter**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, LLP**
**306 East North Street**
**Post Office Drawer 1329**
**Opelousas, Louisiana 70571-1329**
**COUNSEL FOR INTERVENOR:**
**Louisiana Commerce and Trade Assoc.**

**GENOVESE, Judge.**

Third Party Defendant/Appellant, CFS Enterprises, Inc., d/b/a Custom Frame Specialties (CFS), appeals the judgment of the trial court denying its motion for partial summary judgment and granting the cross-motion for partial summary judgment filed by Third Party Plaintiff/Appellee, Priola Construction Company (Priola). For the following reasons, we reverse in part, affirm in part, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2009, Priola was hired as the general contractor to construct a branch bank for the Whitney National Bank on Country Club Drive in Lake Charles, Louisiana (Whitney Bank Project). Priola entered into a construction subcontract with CFS to perform the framing work on the Whitney Bank Project. CFS then entered into a construction subcontract with Felipe Dominguez to perform the framing work on the Whitney Bank Project. Felipe Dominguez employed Jose Pilio Morales and Peter Arellano. An accident occurred on the Whitney Bank Project resulting in serious injury to Arellano and the death of Morales.

In June 2010, Plaintiffs, Rosaria Duran Maya, individually and on behalf of Dayana Michelle Morales Duran and Maria Jose Morales Duran, minors, and Peter Arellano, filed a Petition for Damages against Priola. Plaintiffs' petition alleged:

> On or about September 15, 2009, Jose Pilio Morales (deceased) and Peter Arellano were participating in the construction of a bank building at 1901 Country Club Road, Lake Charles, Louisiana in Calcasieu Parish. As [Priola's] employees began manually lifting a 1,300 pound wall frame, they called out for help to Morales and Arellano. Morales and Arellano came over and positioned themselves to assist lifting the wall to an overhead height. [Priola's] employees lost control of the wall at this point[,] and it came crashing down on Morales and Arellano. Specifically, Morales was crushed by the wall. Mr. Arellano suffered a crushed pelvis. Despite being rushed to the hospital, Mr. Morales was later pronounced dead, but not before he

went through agonizing pain en route to the hospital. Mr. Arellano continues to suffer immense pain as a result of a crushed pelvis. After the foregoing[] events[, Priola] was issued a citation for fault by the U. S. Department of Labor/OSHA.

Plaintiffs asserted that Priola's "negligence and gross negligence was the proximate cause of [Arellano's] injuries and [Morales'] death."

Priola filed a general denial to Plaintiffs' petition in July 2010. In June 2011, Priola filed a Third Party Demand against CFS, asserting contractual defenses and indemnification. According to Priola, prior to the September 15, 2009 accident, it had entered into a written construction subcontract with CFS to perform the framing work on the Whitney Bank Project. Said construction subcontract included an indemnity clause. According to Priola, "[p]ursuant to Article 7 of the contract, [CFS] agreed to notify and hold harmless Priola from all damages, losses or expenses from any claims or damages for bodily injury. The indemnification was to extend to claims resulting from performance of the contract at issue."

In January 2012, CFS filed a motion for partial summary judgment which asserted that "[b]ased on the facts, the evidence, and the applicable law, Priola has no viable claim for contractual indemnity, and as such, partial summary judgment is proper." According to CFS, the sentence in the indemnity clause which declared that "indemnification shall extend to claims resulting from performance of this subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of sub-contractor or any of its agents, employees, or sub-contractors[,]" rendered Priola's claim for indemnity invalid. CFS also argued that this court's holding in *Boykin v. PPG Industries, Inc.*, 08-117 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, *writs denied*, 08-1635, 08-1640 (La. 10/31/08), 994 So.2d 537, supported its position that it did not owe

indemnity to Priola based on the language of the indemnity clause and Louisiana's comparative fault law.

In March 2012, Priola responded by filing a cross motion for partial summary judgment also on the issue of indemnity. Priola sought a judgment declaring that CFS owed it indemnity based on the interpretation of Article 7 of the construction subcontract. Priola argued that the language of the indemnity clause is analogous to that found in *Berry v. Orleans Parish School Board*, 01-3283 (La. 6/21/02), 830 So.2d 283; thus, it is entitled to indemnity from CFS for its own acts of negligence.

A hearing was held on April 2, 2012. The trial court granted Priola's motion and denied the motion filed by CFS. The trial court signed a judgment on April 24, 2012, "finding that the indemnification clause at issue requires CFS . . . to indemnify Priola . . . in accordance with the contents of the indemnification clause subject of the current motions." CFS appeals.

## ASSIGNMENTS OF ERROR

CFS asserts that the trial court erred: (1) "in granting Priola's motion for summary judgment[;]" and (2) "in denying [its] motion for summary judgment."

## LAW AND DISCUSSION

### *Standard of Review*

The governing jurisprudence relative to a motion for summary judgment and our appellate standard of review thereof has been set forth by our supreme court as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La. 11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is

any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La. 3/9/07), 951 So.2d 1058]; *King v. Parish National Bank*, [04-337 (La. 10/19/04), 885 So.2d 540]; *Jones v. Estate of Santiago*, [03-1424 (La. 4/14/04), 870 So.2d 1002.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

### Assignment of Error Number One

In this assignment of error, CFS asserts that the trial court erred in granting Priola's motion for summary judgment relative to the issue of indemnity in the construction subcontract.

> Questions of contractual interpretation are questions of law which are subject to a *de novo* standard of review. *Mitchell v. Patterson Ins. Co.*, 00-612 (La.App. 3 Cir. 12/6/00), 774 So.2d 366. Contracts have the force of law between the parties, and the courts are bound to interpret them according to the common intent of the parties. La.Civ.Code arts. 1983 and 2045. If the words of the contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties. La.Civ.Code art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. Whether or not a contract is ambiguous is a question of law. *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La.1/14/94), 630 So.2d 759. These general rules that govern the interpretation of most contracts apply to contracts of indemnity. *Soverign Ins. Co. v. Tex. Pipe Line Co.*, 488 So.2d 982 (La.1986).

*Boykin*, 987 So.2d at 842.

> The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusions to be drawn from the facts.
>
> Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law.

*Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, pp. 4-5 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195 (footnotes omitted).

*Edwards v. Larose Scrap & Salvage, Inc.*, 10-596, pp. 2-3 (La.App. 3 Cir. 12/8/10), 52 So.3d 1009, 1011.

Article 7, the provision of the construction subcontract at issue herein, states:

> **INDEMNIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor from all damages, losses, or expenses, including attorney[] fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees, or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. The obligation of Subcontractor under this Article shall not extend to claims or losses that are primarily caused by the Architect, or Architect's consultant's performance or failure to perform professional responsibilities.

CFS contends that Priola seeks indemnity for its own negligence, yet it alleges that there are ambiguities in the indemnity clause and that "Louisiana law disfavors construing an indemnity contract to indemnify someone for the consequences of his or her own negligence." CFS asserts that the ambiguity in the indemnity clause must be construed against Priola because Priola is responsible for supplying its terms. According to CFS, Priola admits that the contract in question is Priola's standard form which it uses with subcontractors; therefore, La.Civ.Code art. 2056[1] mandates that any doubt about the contract's interpretation must be resolved against Priola.

We find no ambiguity in the indemnity clause of the contract between Priola and CFS. In fact, the indemnity clause specifically states that indemnity "shall

---

[1]Louisiana Civil Code Article 2056 provides: "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party."

apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of [CFS] or any of its agents, employees, or subcontractors." CFS also argues that since there has been no adjudication of fault, the trial court's grant of Priola's partial summary judgment must be reversed as premature. We agree. No party to this litigation has even alleged that CFS caused or contributed to the accident for which Priola seeks indemnity. CFS was not named as a main defendant in the case. Therefore, CFS argues that even if the indemnity clause is not found to be ambiguous, since the purported contract provides that CFS's indemnity obligation applies only to the extent of its fault, the unresolved determination of its fault presents a genuine issue of material fact, and the trial court erred in holding otherwise. We agree.

We find that the portion of the indemnity clause which states that indemnification "shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor" clearly raises a genuine issue of material fact which has yet to be adjudicated. The indemnity clause is contingent upon and triggered by the legal determination of fault attributed to CFS. There is no dispute that fault of the parties has not been legally determined. The allocation of fault is a question of fact. When, as here, a genuine issue of material fact remains, the matter is not ripe for summary judgment. Therefore, the trial court's grant of summary judgment in favor of Priola must be reversed.

**Assignment of Error Number Two**

In this assignment of error, CFS seeks a judgment on appeal granting its motion for summary judgment against Priola. Having found questions of material fact relative to the indemnification provision of the construction subcontract as set

6

forth above in Assignment of Error Number One, we affirm the trial court's denial of CFS's motion for summary judgment.

## DECREE

The judgment of the trial court granting summary judgment in favor of Priola Construction Company is reversed. The judgment of the trial court denying the motion for summary judgment filed by CFS Enterprises, Inc., d/b/a Custom Frame Specialties, is affirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion. We assess costs of this appeal equally among both parties.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**