NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-265

PACE BUILDERS

VERSUS

WESTCO TRUCKING & CONTRACTING, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 241,135
HONORABLE GEORGE C. METOYER JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty,
Judges.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

**Jason P. Waguespack**
**Frederick W. Swaim III**
**Alexander L. Williams**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras St., 40th Floor**
**New Orleans, LA 70139**
**(504) 525-6802**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Healtheon, Inc.**

**Jonathan D. Stokes**
**Max S. Antony**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Westco Trucking & Contracting, LLC**

**Josh Pace**
**In Proper Person**
**3050 Hoyt Road**
**Boyce, LA 71409**
**DEFENDANT/APPELLEE**

**EZELL, Judge.**

In this matter, Healtheon, Inc., appeals the decision of the trial court denying it attorney fees under its contract with Westco Trucking and Contracting, LLC  For the following reasons, we affirm the decision of the trial court in part, reverse in part, and remand for further proceedings in accordance with our ruling below.

In January of 2010, Healtheon was awarded a public contract by the U.S. Army Corps of Engineers to perform storm proofing work on pump stations in Jefferson Parish.  Healtheon entered into a subcontract with Westco to provide and manage labor, materials, and equipment for the job.  The contract included indemnification and duty to defend provisions in favor of Healtheon.  Westco then entered into another subcontract with Pace Builders to perform work on the project. On March 18, 2011, Pace filed a suit on an open account against both Westco and Healtheon.  Healtheon answered the suit and further filed an incidental demand against Westco, seeking indemnification under the contract.  Westco answered both claims, denying Healtheon was entitled to indemnification in the suit.

Healtheon later filed a motion for summary judgment on its incidental demand, which was opposed by Westco.  The trial court granted Healtheon's motion for summary judgment, ruling that it was entitled to indemnification for all claims asserted by Pace, including attorney fees and costs.  The attorney fees were to be determined at a later hearing.  When that hearing occurred, the trial court ruled that because Healtheon failed to properly demand a defense from Westco, it was not entitled to recover any attorney fees for its claims.  From that decision, Healtheon appeals.

Healtheon asserts one long assignment of error containing three overlapping assertions.  Healtheon claims that the trial court erred in interpreting the contract

between it and Westco; that the trial court erred in finding that Healtheon failed to properly demand a defense from Westco against the Pace lawsuit; and that the trial court erroneously denied it attorney fees associated with this suit.

> Questions of contractual interpretation are questions of law which are subject to a *de novo* standard of review. *Mitchell v. Patterson Ins. Co.*, 00-612 (La.App. 3 Cir. 12/6/00), 774 So.2d 366. Contracts have the force of law between the parties, and the courts are bound to interpret them according to the common intent of the parties. La.Civ.Code arts. 1983 and 2045. If the words of the contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties. La.Civ.Code art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. Whether or not a contract is ambiguous is a question of law. *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La.1/14/94), 630 So.2d 759. These general rules that govern the interpretation of most contracts apply to contracts of indemnity. *Soverign Ins. Co. v. Tex. Pipe Line Co.*, 488 So.2d 982 (La.1986).

*Boykin v. PPG Indus., Inc.,* 08-117, pp. 4-5 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, 842, *writs denied*, 08-1635, 08-1640 (La. 10/31/08), 994 So.2d 537.

However, "factual findings which are pertinent to the interpretation of a contract will not be disturbed absent manifest error." *Campbell v. Melton*, 01-2578, p. 12 (La. 5/14/02), 817 So.2d 69, 78. "In applying the manifest error rule to the trial court's interpretation, the Court of Appeal may not simply substitute its own view of the evidence for the trial court's view, nor may it disturb the trial court's finding of fact so long as it is reasonable." *French Quarter Realty v. Gambel*, 05-933, pp. 3-4 (La.App. 4 Cir. 12/28/05), 921 So.2d 1025, 1028.

We find that the trial court's determination that Healtheon failed to demand a defense from Westco to be reasonable based on the scant record before this court. Section 15.3 of the contract deals with Westco's duty to defend Healtheon and provides (emphasis ours):

2

> In all such cases where [Westco's] indemnity obligation under this Subcontract Agreement apply, [Westco] shall, **upon demand** by Healtheon, provide a competent defense of all Claims covered by [Westco's] indemnity and shall remain responsible for all the Costs of defense of the Claim, and any damages awarded to the claimant by settlement, mediation, arbitration, litigation or otherwise. Should [Healtheon] **be required to retain an attorney to defend any Claims**, [Westco] shall reimburse any reasonable Costs incurred by [Healtheon] to defend such claims.

In Healtheon's incidental demand, it mentioned, but did not demand or pray for a defense to be provided by Westco. Only indemnification was prayed for. Likewise, in its subsequent demand letter to Westco seeking attorney fees, Healtheon demanded reimbursement for costs incurred, but again did not demand that a defense be provided by Westco. There is no other evidence in the record that indicates that Healtheon was ever required or actually called for Westco to provide it a defense in the suit by Pace. Therefore, we can find no manifest error in the trial court's factual finding that Healtheon failed to properly demand that Westco provide it a defense. Accordingly, Healtheon is not entitled to costs associated with its defense of the Pace claim itself.

However, after reviewing the record and the plain terms of the contract, we find that the trial court did err in ruling that Healtheon was not entitled to any attorney fees, as the contract clearly provided for attorney fees should any party be forced to sue to enforce the provisions of the contract. The contract provided, in pertinent part:

15. **<u>INDEMNIFICATION</u>**.

> 15.1 <u>General.</u> Subcontractor [Westco] hereby agrees to indemnify, save and hold harmless, and defend [Healtheon] from and against any and all liabilities, Claims, damages, including, but not limited to . . . suits and the costs and expenses incident thereto, including, without limitation, costs of defense, settlement, and attorneys' and paralegals' fees, arising out of or connected in any way

whatsoever with this Subcontract Agreement and/or [Westco's] performance hereunder, whether such Claims may be initiated by [Westco] or any third-party. . . .

Section 26 of the contract further states, in pertinent part (emphasis ours):

(e)    Attorney's Fees.   Should either party employ an attorney to institute suit or demand arbitration **to enforce any of this** [sic] **Subcontract Agreement** provisions hereof**, to protect its interest in any matter arising under this Subcontract Agreement** or to collect damages for the breach of this Subcontract Agreement . . . the Prevailing Party shall be entitled to receive, as part of any award or judgment, its reasonable attorneys' and paralegals' fees, costs, charges, and expenses expended or incurred in handling the dispute.

The words of the contract are clear, unambiguous, and lead to no absurd consequences.  The contract clearly provides that any party required to "institute suit . . . to enforce any of this Subcontract Agreement . . . to protect its interest in any matter arising under this Subcontract Agreement" shall be entitled to attorney fees and other associated costs incurred in enforcing the contract. Healtheon clearly had to sue to protect its interests under the contract, as it had to sue to enforce the indemnification provision when it was sued by Pace.  Westco openly sought to deny that it owed indemnification.  Westco denied that indemnification was owed in both its answer to Healtheon's incidental demand and later when it opposed Healtheon's motion for summary judgment on the issue.   Healtheon prevailed on its claim seeking indemnification, as the trial court granted summary judgment in its favor and ruled that indemnification was required under the plain language of the contract.  The ruling that Healtheon is owed indemnification has not been appealed and is a final, settled determination. Accordingly, under the plain terms of the contract with Westco, Healtheon is entitled to recover attorney fees and costs associated with enforcing the indemnity provision of the contract, even if it is not entitled to recover its costs of defense against the original Pace

4

claim. The trial court seems to have failed to take note of Section 26(e) in its decision, as it seems to have relied on the demand provisions of Section 15.3 alone. The trial court thus failed to properly interpret all the relevant contract provisions concerning attorney fees together and, thus, erred in failing to allow Healtheon to recover attorney fees for the enforcement of the indemnification provision under Section 26(e) of the contract.

Louisiana Code of Civil Procedure Article 2164 provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Under that Article, the Louisiana Supreme Court has explained that an appellate court may remand a matter to the trial court to permit that court to take additional evidence where necessary to reach a just decision. *See Alex v. Rayne Concrete Serv.*, 05-1457, 05-2344, 05-2520 (La. 1/26/07), 951 So.2d 138. Here, the record lacks the evidence that would allow us to determine the suitable amount of attorney fees Healtheon incurred for its indemnification suit against Westco, while excluding those sought to defend against the original Pace suit. Since the record lacks the evidence necessary to properly calculate the attorney fees, we must remand this case to the trial court for a post-judgment hearing on the appropriate and reasonable amount of attorney fees that are owed.

For the above reasons, we affirm the trial court's finding that Healtheon did not properly demand defense against the Pace lawsuit; we reverse the trial court's finding that Healtheon was not entitled to any attorney fees under the contract; and we remand this matter to the trial court for the taking of evidence on the issue of the appropriate amount of attorney fees for the enforcement of the indemnification provision alone, and for the rendering of a new judgment on that issue. Costs of this appeal are hereby assessed against Westco.

5

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.